IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVONSEA DAWAYNE THOMAS | § | |
| VS. | § | CIVIL ACTION NO. 9:23cv30 |
| SHERIFF, ANGELINA COUNTY | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Davonsea DaWayne Thomas, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned United State Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a supplemental motion to dismiss filed by the respondent (doc. no. 21).

Discussion

At the time he filed his petition, petitioner was a pretrial detainee in Angelina County, Texas. Petitioner was detained pursuant to indictments charging him with aggravated assault and aggravated robbery. Petitioner asserted that the bail amount set by the state court was excessive. He also states he has been denied his right to a speedy trial.

The respondent has provided the court with documents demonstrating that on June 6, 2024, following a jury trial, petitioner was convicted of aggravated assault and aggravated robbery. He was sentenced to 85 years of imprisonment for the aggravated robbery conviction and 20 years of imprisonment for the aggravated assault conviction, with the sentences to be run concurrently.

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas petition filed pursuant to 28 U.S.C. § 2241. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). However, petitioner's convictions for aggravated robbery and aggravated assault render his claims concerning the legality of his pretrial detention moot. *Wade v. Wichita City, Texas*, No. 21-10283, 2021 WL 5751441 (5th Cir. Dec. 2, 2021) (citing *Yohey v. Collins*, 985 F.2d 222, 228-89 (5th Cir. 1993); *Fassler v. United States*, 858 F.2d 1016, 1018 n.3 (5th Cir. 1988)). The supplemental motion to dismiss should therefore be granted.

## Recommendation

Th supplemental motion to dismiss should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

SIGNED this 3rd day of August, 2024.

Zack Hawthorn
United States Magistrate Judge